UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                    Case No. 16-CR-0016 (PJS)

                    Plaintiff,

v.                                                    ORDER

JASON STEVEN MOE,

                    Defendant.

---

Thomas M. Hollenhorst, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Keala C. Ede, Assistant Federal Defender, FEDERAL DEFENDER'S OFFICE, for defendant.

This matter is before the Court on the government's motion, pursuant to 18 U.S.C. § 3145(a)(1), to revoke Magistrate Judge Steven E. Rau's release order and to detain defendant Jason Moe until his revocation hearing (which is scheduled for March 15, 2017).

Under 18 U.S.C. § 3143(a)(1) and Fed. R. Crim. P. 32.1(a)(6), Moe must be detained unless he can prove, by clear and convincing evidence, that he will not flee and that he will not pose a danger to the community. The Court finds that Moe has not met his burden. The Court therefore revokes Magistrate Judge Rau's order of release and orders that Moe be detained until his revocation hearing.

After compiling a long juvenile and adult criminal record—including three convictions or adjudications for assault, two for burglary, and four for theft—Moe was first convicted of dealing methamphetamine in 2003 and was sentenced to 60 months in prison.  Less than six months after being released from prison—and while he was on probation—Moe again started dealing methamphetamine, this time in very large quantities.  He pleaded guilty to conspiracy to distribute methamphetamine in February 2009, and he was sentenced to 108 months in prison.

Moe was released from custody on October 30, 2015, and jurisdiction over his case was transferred to this District on March 25, 2016.  At least for the past six months, Moe has done very poorly on supervised release.

In July 2016, Moe's probation officer learned that Moe had changed his residence without notifying—much less getting the approval of—the probation officer.  And, according to the probation officer, the probation office does not even have a current address for Moe.

In August 2016, Moe essentially decided that he would no longer comply with drug testing.  He missed drug tests on August 4, 2016, September 22, 2016, November 18, 2016, December 22, 2016, and January 13, 2017.  In addition, Moe has not been in compliance with the code-a-phone testing program since December 17, 2016.

Moe is now before the Court because, on January 23, 2017, he was stopped after leaving a liquor store (even though he was forbidden by the terms of his supervised release to drink alcohol), and police found over 10 grams of methamphetamine and over $2000 in cash in his pockets (even though he was forbidden by the terms of his supervised release to possess drugs and he was unemployed).  At the time of his arrest, Moe was—of course—on supervised release, and it had been a little over a year since he had been released from prison after his last conviction for dealing methamphetamine. Under the circumstances, the Court cannot find that Moe has established, by clear and convincing evidence, that he will not flee and that he is not a danger to the community.

Specifically, as to Moe's risk of flight:  At this point, it appears likely that Moe is going to be found to have committed multiple violations of the terms of his supervised release, that his supervised release will be revoked, and that he will be sentenced to serve another prison term.  And, of course, Moe may face additional punishment from the state.  Moe thus has a strong incentive to flee.

One indication that a defendant is not likely to flee is that he has complied with the terms of his supervised release.  But Moe has been defying the terms of his supervised release for about six months now, and, at the time of his arrest, his probation officer did not even know where he was living.  Although the question is close, the Court cannot find, by clear and convincing evidence, that Moe is not a flight risk.

The far more pressing concern for the Court is that Moe has failed to prove, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community in the event that Moe is released from custody. Moe has a long criminal record, including multiple adjudications or convictions for assault, burglary, theft, and drug possession or distribution. He has twice served long prison terms for dealing methamphetamine—and, while he was on federal supervised release, he was arrested with a distribution quantity of methamphetamine and over $2000 in his pockets (despite being unemployed). There is strong reason to believe that he has reverted to his old ways, putting the community at significant risk.

Moreover, if Moe were to be released, the only way to protect the public would be to impose terms of supervised release. But, as the Court already described, Moe has proven himself unwilling to obey the terms of supervised release. The Court has no confidence in Moe's willingness to follow any conditions of release and thus no confidence in the probation office's ability to monitor his behavior. The Court cannot find, by clear and convincing evidence, that Moe is not a danger to the community.

For these reasons, the Court revokes Magistrate Judge Rau's release order and orders that Moe be detained until his revocation hearing.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    The government's motion to revoke order of release [Docket No. 14] is

      GRANTED.

2.    Defendant Jason Steven Moe is hereby ordered DETAINED under 18

      U.S.C. § 3142(e).

3.    Defendant is committed to the custody of the Attorney General for

      confinement in a correctional facility separate, to the extent practicable,

      from persons awaiting or serving sentences or being held in custody

      pending appeal.

4.    Defendant must be afforded reasonable opportunity to consult privately

      with his counsel.

5.    On order of the Court or request by the United States Attorney, the person

      in charge of the correctional facility in which defendant is confined must

      deliver him to the United States Marshal for the purpose of appearing in

      connection with a court proceeding.

Dated: February 23, 2017                      s/Patrick J. Schiltz
                                             Patrick J. Schiltz
                                             United States District Judge